# FILED

March 24 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0226

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 89N

IN THE MATTER OF THE ESTATE OF

LUCILLE R. ANDERSON,

    Deceased.

<table>
<tr><td>APPEAL FROM:</td><td>District Court of the Ninth Judicial District,<br>In and For the County of Glacier, Cause No. DP 08-06<br>Honorable David Cybulski, Presiding Judge</td></tr>
</table>

COUNSEL OF RECORD:

    For Appellant:

        Daniel E. Shannon; Shannon Legal Services, P.C.,
        Great Falls, Montana (for Laurie Wilder)

    For Appellee:

        Patrick R. Watt; Jardine, Stephenson, Blewett & Weaver,
        Great Falls, Montana (for Larry Epstein)

                Submitted on Briefs:  January 22, 2009

                         Decided:  March 24, 2009

Filed:

_____
                      Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     This is an appeal by Laurie Wilder (Wilder) from an order of the District Court of April 7, 2008, appointing T. Kai Lee (Lee) as special administrator of the Lucille Anderson estate.  We affirm.

¶3     Lucille Anderson died on March 8, 2008 at the age of 101 years.  On March 13, 2008, Wilder filed an application for informal probate of will and appointment of herself as personal representative of the Anderson estate.  No action has been taken on that application.  On March 26, 2008, Lee, the acting court-appointed conservator for Lucille Anderson, filed an application as provided in § 72-3-701, MCA, for appointment as special administrator of the Anderson estate.  On April 2, 2008, Larry Epstein (Epstein) responded to Wilder's application, and filed an application for formal probate of will and appointment of personal representative for the Anderson estate.  Wilder sought to probate a January 2, 2008, will in which she had been named personal representative while Epstein sought to probate a May 24, 2004, will in which he had been named personal representative.  Epstein's application contended that the 2008 will was invalid and had been obtained by Wilder by exertion of undue influence over Anderson in the last months of her life.  The District Court appointed

2

Lee special administrator, noting that Lee was already acting as conservator for Anderson in a separate appointment, that there were two Anderson wills before the court, and that immediate action was necessary to preserve the estate and pay obligations.

¶4 Section 72-3-701, MCA, allows a district court to appoint a special administrator for the estate of a decedent. Section 72-3-702, MCA, provides:

> (1) If a special administrator is to be appointed pending the probate of a will which is the subject of a pending application or petition for probate, the person named executor in the will shall be appointed if available and qualified.
> (2) In other cases, any proper person may be appointed special administrator.

Wilder argues that she had absolute preference to be appointed special administrator under that statute because she was named as personal representative in the 2008 will that was executed shortly before Anderson's death. Any preference given by § 72-3-702, MCA, is based upon the designation of an executor in "a will" that is the subject of a pending application or petition for probate. Because there were two wills before the District Court, and because those wills designated different personal representatives, the District Court was not required to name Wilder as special administrator. The District Court was well within its power under § 72-3-702(2), MCA, to appoint "any proper person" as the special administrator, and appropriately exercised that power to appoint former conservator Lee.

¶5 The District Court had before it the record of the conservatorship proceedings involving Lucille Anderson prior to her death, and cited those proceedings in the order appointing Lee. That record contained reports to the court detailing allegations that Wilder exercised undue influence over Anderson and her assets prior to Anderson's death. Those

3

reports were sufficiently strong to cause the court to order that Wilder's name be removed from certain of Anderson's accounts.

¶6    There was an emergency that required the District Court to act to preserve Anderson's estate and to pay lawful debts. We find that the District Court's appointment of Lee as special administrator was within its power under the applicable statutes and we find no error.[1]

¶7    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law.

¶8    Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

---

[1] The parties have raised other issues, including standing, that are not germane to resolution of the issue on appeal. There are applications to probate two different wills. The District Court will address the question of which will is valid.

4